UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUDY MENDEZ, independent personal representative and heir to the Estate of Hazel Dean Hitt,,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF MASCOUTAH, IL, CODY HAWKINS, MASCOUTAH POLICE DEPARTMENT and UNKNOWN PARTIES,<br><br>      Defendants. | Case No. 15-cv-382-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Cody Hawkins' motion to set aside the default on the grounds that service on him was not accomplished by the United States Marshal (Doc. 19). Hawkins notes that the Court's August 7, 2015, order recognized that the Court must order service of process by a United States Marshal or Deputy Marshal for a plaintiff allowed to proceed *in forma pauperis*. Fed. R. Civ. P. 4(c)(3). However, the Court's order simply meant that *if* plaintiff Rudy Mendez wished the United States Marshal Service ("USMS") to serve process for him, he could fill in the appropriate forms for service, provide the appropriate copies, turn them in to the USMS, and the USMS must then perform the service. However, Mendez was still free to arrange service on his own by "[a]ny person who is at least 18 years old and not a party," Fed. R. Civ. P. 4(c)(2), as he apparently did in this case. More importantly, so long as the service was accomplished by a non-party at least 18 years old, the identity of the process server will not excuse the served defendant from his obligation to answer or otherwise respond to the complaint.

Nevertheless, because there was some confusion about the Court's order appointing an agent for service, the Court finds there is good cause for the default. Furthermore, Hawkins has taken quick action to correct the default, and there is no indication he lacks a meritorious defense to the complaint.

Accordingly, setting aside the default is warranted.  *See Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).   The Court therefore **GRANTS** the motion to vacate default (Doc. 19), **VACATES** the entry of default against Hawkins (Doc. 17), and **ORDERS** that Hawkins shall have 20 days from the entry of this order to file an answer or otherwise respond to the complaint.

The Court further feels it would be helpful to explain to Mendez, who is proceeding *pro se*, why entry of default was denied as to defendants City of Mascoutah and Mascoutah Police Department.  The return of service was completed showing that the method of service of process on an individual was used, but the City of Mascoutah and Mascoutah Police Department are local government entities, not individuals.  Thus, they must be served in accordance with Federal Rule of Civil Procedure 4(j)(2) or 735 ILCS 5/2-211, and the return of service must reflect such service on the appropriate municipal representative.  However, because it appears Mendez has made a good faith effort to serve the municipal defendants, the Court finds good cause for extending the deadline for service to 45 days from entry of this order.  *See* Fed. R. Civ. P. 4(m); *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).   It remains true that if Mendez wishes the USMS to serve process on any defendant, he may provide to the USMS the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service, and the USMS will serve the defendants as directed in the Court's August 7, 2015, order.

**IT IS SO ORDERED.**
**DATED:   November 19, 2015**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**